WCP/mlk
6/10/19

**IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | |
|---|---|
| **KENNETH R. SUTER, SR.** <br> **1904 Alexander Drive** <br> **Fallston, Maryland 21047** <br><br> **and** <br><br> **NICOLE SUTER** <br> **1904 Alexander Drive** <br> **Fallston, Maryland 21047** <br><br> **Plaintiffs** <br><br> v. <br><br> **KOREY W. SMITH** <br> **120 Knox Valley Lane** <br> **Greenville, South Carolina 29609** <br><br> **and** <br><br> **STACY C. SMITH** <br> **120 Knox Valley Lane** <br> **Greenville, South Carolina 29609** <br><br> **Defendants** | **CIVIL ACTION NO.:** |

\* \* \* \* \* \* \*

**COMPLAINT**

Plaintiffs, Kenneth R. Suter, Sr. and Nicole Suter, (hereinafter the "Plaintiffs"), by and through their undersigned counsel, pursuant to the Federal Rules of Civil Procedure, file this Complaint against Defendants, Korey W. Smith and Stacy C. Smith, (hereinafter the "Defendants"), and, in support thereof, state:

**STATEMENT OF THE PARTIES**

1. Plaintiffs, Kenneth R. Suter, Sr. and Nicole Suter, are citizens of the State of

Law Offices
PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

S:\Cases\Suter v. Korey Homes\Federal Complaint.doc

Maryland and reside at 1904 Alexander Drive, Fallston, Maryland 21047, Harford County.

2. Defendants, Korey W. Smith and Stacy C. Smith, are citizens of the State of South Carolina, and reside at 120 Knox Valley Lane, Greenville, South Carolina 29609. (See Affidavit of Korey W. Smith attached hereto as Exhibit 1, and Affidavit of Stacy C. Smith attached hereto as Exhibit 2.)

## STATEMENT OF JURISDICTION AND VENUE

3. Federal diversity jurisdiction exists pursuant to 28 U.S.C. §1332. The Plaintiffs are citizens of the State of Maryland. The Defendants are citizens of the State of South Carolina. The amount in controversy, exclusive of interest and costs, exceeds the sum or value of Seventy-Five Thousand Dollars and Zero Cents ($75,000.00).

4. Venue in the District of Maryland, Northern Division is proper pursuant to 28 U.S.C. §1391. The events or omissions on which the claims are based occurred in the District of Maryland, Northern Division.

## STATEMENT OF FACTS

5. Defendants were, at all times relevant to this Complaint, the incorporators and Managing Members of Korey Homes Building Group, LLC, (hereinafter "Korey Homes"), a custom home builder. See Certificate of Organization of Korey Homes Building Group, LLC attached hereto as Exhibit 3. At all times relevant to this Complaint Defendant Korey Smith was President of Korey Homes.

6. This case arose out of a contract executed in July of 2016 between Korey Homes Building Group, LLC, (hereinafter "Korey Homes"), and Plaintiffs, for Korey Homes to construct a custom-built home for the Plaintiffs at 1904 Alexander Drive, Fallston, Maryland. The contract between the parties was drafted by and presented to the Plaintiffs by Korey Homes.

Law Offices
PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

S:\Cases\Suter v. Korey Homes\Federal Complaint.doc

Prior to the contract, the Plaintiffs owned the land at 1904 Alexander Drive. Thus, the Korey Homes contract is subject to the provisions of Maryland Code, Ann., Real Property, §10-501 to 507, the Custom Home Builders Act, and Maryland Code Ann. Commercial, §13-301 to §13-408, the Maryland Consumer Protection Act. The Defendants, through Korey Homes, violated both the Custom Home Protection Act and the Maryland Consumer Protection Act, by engaging in statutory fraud, unfair trade practices, and deceptive trade practices.

7. Plaintiffs' home was not built in compliance with the construction plans, specifications, building codes, or industry standards.  Attached as Exhibit 4 is a report from Maryland Custom Home builder Richard Livingston on the construction deficiencies evident at 1904 Alexander Drive, and the cost to repair those deficiencies. As stated in the Livingston report, there are significant deficiencies amounting to material breaches of the contract, and building code violations. Those problems, addressed in the Livingston report in greater detail pertain to: 1.) Improper elevation not in compliance with the site plans. As a result of the improper grading and elevation, Korey Homes constructed concrete steps and railing not provided for in the plans or in the Contract; 2.) Improper and defective installation of concrete sidewalks, patio and other surfaces; 3.) Improper installation of the Hardi Plank siding required removal and proper installation, 4.) Improper installation of exterior stone, damaged by Korey Homes construction activities. The exterior stone cannot be cleaned and must now be replaced; and 5.) Garage basement stairs of differing heights, that are not code compliant.  The Suters also obtained a repair estimate from CWS to repair the many defects to their premises.  A copy of the CWS Repair Estimate is attached hereto as Exhibit 5.

8. Prior to entering into the contract, Defendant Korey Smith fraudulently represented to the Plaintiffs that Korey Homes would provide the Plaintiffs with a new home

Law Offices
PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

S:\Cases\Suter v. Korey Homes\Federal Complaint.doc

warranty guaranteed by a third party. The contract identifies the third-party company as "2-10 Homebuyers Warranty Corporation Agreement", provides the Korey Homes builder number 8802-7180, and provides a toll-free number. With regard to the date the warranty was to be presented to the Plaintiffs, the Korey Homes contract states:

> "On the day that the buyers occupy the new home, settle on the new home, make the final payment to the builder on buyer's new home or obtain an occupancy permit if the new home is build on buyer's property, **whichever is earlier**, buyers will be provided with evidence that a new home warranty exists for buyer's new home and coverage begins on that date. Buyers will be provided with a signed new home warranty within sixty days from the date the coverage begins."

The Plaintiffs moved into 1904 Alexander Drive on September 17, 2017. On April 12, 2018, the undersigned counsel contacted the 2-10 Homebuyers Warranty Corporation directly at the toll-free number provided under the Korey Homes contract. (A copy of the Korey Homes contract is attached hereto as Exhibit 6.) "Christina" of the 2-10 Homebuyers Warranty Corporation stated that while Korey Homes was an approved builder, that 1904 Alexander Drive in Fallston, Maryland had never been enrolled under their new home warranty security plan, specifically identified in the Korey Homes contract.

The Korey Homes contract goes on to state:

> "If the builder is not in good standing with company on the date of this contact, or if the new home has not been registered in the plan on of before the warranty date, then it is a material breach of the contact and buyers are entitled to whatever remedies are provided by law, including, but not limited to, rescission or cancellation of this contract and, except in the case of a construction contract for a new home built on buyer's own property, a refund of any money paid to the builder for the buyer's new home."

Exhibit 6, on page titled: "Notice to Purchaser Required by Builders Who Participate in a New Home Warranty Security Plan or Who Have Elected to Allow the Homebuyer the Option of

Law Offices
PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

S:\Cases\Suter v. Korey Homes\Federal Complaint.doc

Participating in a New Home Warranty Security Plan". The Plaintiffs were led to contract with Korey Homes for the construction of their custom home based in part on the assurances and security provided by a third-party warranty covering their new home, as represented by the Defendant Korey Smith. The Defendants' and Korey Homes' failure to enroll 1904 Alexander Drive is a violation of the Custom Home Building Act, the Maryland Consumer Protection Act, and amounts to an "unfair or deceptive trade practice" on the part of the Defendants and Korey Homes. The Plaintiffs were also overcharged for substandard work, and were charged for work that was never performed.

9. The contract further requires that a representative of Korey Homes and the Plaintiffs sign a written authorization for any change order work, and that the Plaintiffs pay for any change order work performed under the contract before any Change Order work is performed. The contract also limited the number of total change orders to five. The contract states, in pertinent part, with regard to change orders:

> "Purchaser may, from time to time, request additional work to be completed or request an omission from the work, or request a substitution of materials. No change, modification, addition, omission or redesign shall be valid unless agreed to by Seller and Purchaser in writing on a form known as a "Change Order". No more than three Change Orders will be permitted. There is no guarantee that any request for a Change Order will be authorized by Seller, and under no circumstances will Seller authorize any Change Order which, in Seller's sole discretion, would materially affect Seller's operation or violate local building codes or any other government regulation. Seller will not authorize any Change Order that would necessitate tearing out work already installed. Further, Seller will not authorize any Change Order that will adversely affect Seller's ability to build a complete home or that may affect any agreement previously made with an Architectural Review Committee, the County or a lending institution. In the event that Purchaser requests a change, Seller authorizes the change, and Purchaser executes a Change Order reflecting the change within thirty (30) days after the execution of this Agreement, no administrative charge will be imposed for the Change Order.

Law Offices
PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

S:\Cases\Suter v. Korey Homes\Federal Complaint.doc

> No Change Orders calling for structural changes to the Dwelling will be authorized by Seller after the execution of this Agreement. Purchaser shall pay, at the time the Change Order is executed by the parties, the amount of payment to Seller in cash or cash equivalent, prior to Seller being obligated to perform the Change Order. If Purchaser fails to pay for the Change Order, as required, then Seller will not perform the work reflected in the Change Order, and the Dwelling will be completed as though said Change Order did not exist. The estimated completion date and delivery of the Dwelling shall be extended by the time necessary to complete any Change Order. **No more than five Change Orders will be permitted.**"

Exhibit 6 at Section 15.

On or about September 17, 2017, after the Plaintiffs moved into 1904 Alexander Drive, Defendant Korey Smith presented "Change Order #006" requesting payment of an additional and unauthorized $84,791.00, in addition to the final draw. (A copy of Change Order #006 is attached hereto as Exhibit 7). Defendant Korey Smith made no mention of an additional change order or that he expected payment for completed work in addition to the final draw until he sent the Plaintiffs an e-mail scheduling the final meeting, shortly before the meeting occurred. Thus, Korey Homes committed a material breach of its own draft contract in allegedly performing unauthorized work detailed in Change Order No. 6. Change Order No. 6 was simply an attempt to defraud Plaintiffs of $84,791.00.

10. Korey Homes Building Group, LLC originally filed suit in Harford County, Maryland on December 29, 2017, seeking recovery for 'breach of contract' and a Mechanic's Lien.

11. The Plaintiffs filed a Petition requiring arbitration of the dispute between the parties. The parties proceeded to arbitration, and on January 9, 2019 an Arbitration Award was entered in favor of the Plaintiffs against Korey Homes for $523,222.00, based on a finding that

Law Offices
PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

S:\Cases\Suter v. Korey Homes\Federal Complaint.doc

Korey Homes committed statutory fraud and engaged in multiple violations of the Maryland Consumer Protection Act, and the Maryland Custom Home Builders Act, for the unfair, and deceptive, and fraudulent trade practices of Defendants and Korey Homes. (A copy of the Arbitration Award is attached as Exhibit 8).

12. On January 24, 2019, the Honorable Yolanda Curtin entered Judgment in the Circuit Court for Harford County in favor of the Plaintiffs against Korey Homes. A copy of the Court's Order is attached as Exhibit 9.

13. On February 7, 2019, at the request of the Plaintiffs, the Civil Clerk for the Circuit Court for Harford County recorded the Judgment that was entered on January 24, 2019.

14. Following the entry of the Judgment against Korey Homes, no post-judgment motions were filed pursuant to Maryland Rules 2-532, 533, 534, or 535. Korey Homes did not note an appeal. Korey Homes did not move to stay enforcement of the Judgment and the Judgment is final as of the date of the filing of this Complaint.

15. The Defendants, pursuant to Maryland law, are collaterally estopped from contesting or relitigating the award of damages made to the Plaintiffs, and entered by the Circuit Court for Harford County.

16. Documents obtained by Plaintiffs show Defendants used Korey Homes as their alter ego to fund their lavish lifestyle, including but not limited to payment to Defendant Korey Smith of a $360,000.00 per annum salary, making house payments for the home of the Defendants, purchasing a Mercedes Benz, and two $67,000.00 pickup trucks, including a new truck purchased in May of 2018, and to make lease payments for a townhouse owned by Defendant Korey Smith's father, Kenneth Smith. Further, while Korey Homes Building Group, LLC was being driven to bankruptcy by the lavish lifestyle and expenses of Defendants,

Law Offices
PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

S:\Cases\Suter v. Korey Homes\Federal Complaint.doc

Defendant Korey Smith used corporate funds to pay for a hunting trip in August of 2018, a fishing trip in September of 2018, and to have a deer head stuffed following the hunting trip. Defendants utilized corporate funds for numerous other personal expenses including subscriptions to Netflix and iTunes, and to dine out, (including one month when the dining out expenses totaled $1,359.63). The documents demonstrate that Defendant Korey Smith took steps to illegally divest Korey Homes of corporate assets while the Plaintiffs' litigation was pending, including vehicles, real estate, and other assets. See attached Exhibit 10.

17. As alleged above, the Defendants personally and through their alter ego, Korey Homes, made false statements to the Plaintiffs, knowing the statements were false. These statements were made for the purpose of defrauding the Plaintiffs, the Plaintiffs reasonably relied on these false statements, and the Plaintiffs suffered compensable damages resulting from their reasonable reliance on the false statements, in the amount $523,222.00. See attached Exhibit 9.

18. Defendants have further engaged in a course of action intended to defraud the Plaintiffs of their recovery, by rendering Korey Homes judgment-proof and without assets, in violation of the Commercial Law Article of the Annotated Code of Maryland §15-207, which states:

> "Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud present or future creditors, is fraudulent as to both present and future creditors."

19. Thus, Defendants, before and subsequent to the entry of the Judgment against Korey Homes, used Korey Homes as their 'alter ego', in violation of Maryland law. They have also engaged in an ongoing practice of fraudulently conveying assets from Korey Homes in an attempt to defraud current and future creditors, and in an attempt to shield themselves from

Law Offices
PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

S:\Cases\Suter v. Korey Homes\Federal Complaint.doc

liability for the statutory frauds perpetrated by the Defendants and Korey Homes, as detailed in the Judgment attached as Exhibit 9.

20. The fraudulent conveyances referred to above include, (but are certainly not limited to), the transfer and retitling of vehicles owned by Korey Homes into the names of other individuals with the specific intent to defraud creditors. Please see attached composite Exhibit 11, Writs of Execution for the seizure and sale of this property.

21. The Defendants intended to defraud current and future creditors, (including specifically the Plaintiffs), by these actions, and this intent is specifically stated in an email dated September 17, 2018 from Defendant Korey W. Smith to his father, Kenneth W. Smith. See attached Exhibit 12. In this email, Defendant Korey W. Smith, as President of Korey Homes, stated:

> "Dad,
>
> I am writing to tell you that myself and Korey Homes is more than likely going bankrupt. I have done all that I can and we have some things that we just cannot overcome. The cash deficit is just too great. I have taken every nickel out of my home at this point and we are still far from being able to make it. The sad part is we have the sales but cannot get permits released. I would like for you to take ownership of your truck and car prior to this happening which will be week now. I have signed the deed to the truck and you only need to get with Lauren to sign and record with the MVA. At least you get to keep the truck and car before this happens. I trust that you will keep this confidential including Pam. I have enough problems and don't need this on the street any sooner than need be.
>
> Korey Smith
> President
> Korey Homes"

See attached Exhibit 12.

22. The specific fraudulent conveyance referenced in Paragraph 21, above, was carried out by Defendant Korey Smith executing a document entitled "Permission to Trade",

dated October 4, 2018 allowing Kenneth W. Smith to use a 2015 Mercedes-Benz titled in the name of Korey Homes, as a trade-in for the purchase of a 2018 Mercedes-Benz titled in the name of Kenneth Wayne Smith. Attached as Exhibit 13 is the "Permission to Trade", the contract for purchase by Kenneth Wayne Smith of a 2018 Mercedes-Benz using the Korey Homes owned vehicle as a trade-in, and the title to the 2018 Mercedes-Benz that was purchased. This transaction occurred during the Arbitration between Korey Homes and the Plaintiffs, was performed with an intent to remove assets from Korey Homes to defraud creditors, and was a clear violation of Maryland law prohibiting fraudulent conveyances.

23. Subsequent to the entry of Judgment, Defendants fled the state of Maryland.

24. Korey Homes has been successfully rendered without assets, based on the Defendants' fraudulent actions.

25. Defendants' fraudulent actions in this case require the Court, (to enforce a paramount equity), to pierce the corporate veil, negate the protections afforded to them by the incorporation of Korey Homes, and allow the Plaintiffs to recover the Judgment owed them as a result of the statutory frauds perpetrated by the Defendants personally, and through their alter ego, Korey Homes.

26. The Defendants actions as described herein were taken with the specific intention to defraud the Plaintiffs of their Judgment against Korey Homes, in violation of Maryland law.

27. No part of the Plaintiffs' Judgment has been satisfied as of the date of filing of this Complaint.

## CAUSES OF ACTION

## COUNT I - FRAUD

28. Plaintiffs hereby adopt and incorporate as if fully set forth herein the allegations

contained in Paragraphs 1 through 27, above.

29. The actions of the Defendants, personally and through the use of Korey Homes Building Group, LLC, constitute fraud under the laws of the State of Maryland.

30. The Defendants' fraud was perpetrated on the Plaintiffs for the sole purpose of monetary gain, and resulted in a Judgment in the amount of $523,222.00 being entered in favor of Plaintiffs against Korey Homes Building Group, LLC, the Defendants' alter ego.

31. As alleged above, the Defendants personally and through their alter ego, Korey Homes, made false statements to the Plaintiffs, knowing the statements were false. These statements were made for the purpose of defrauding the Plaintiffs, the Plaintiffs reasonably relied on these false statements, and the Plaintiffs suffered compensable damages resulting from their reasonable reliance on the false statements, in the amount $523,222.00. See attached Exhibit 9.

32. Maryland law permits piercing the corporate veil or setting aside the corporate immunity of managing members, shareholders, or directors of a company where those individuals have engaged in fraud, or to enforce a paramount equity. Korey Homes, the Defendants' alter ego, has been found to have committed statutory fraud by the Circuit Court for Harford County, and as its assets have been fully drained by the Defendants, this Court should allow the Plaintiffs to pierce the corporate veil and reach the Defendants personal assets, based on the Defendants' fraud and to enforce this paramount equity.

33. To allow the Defendants to continue to shield themselves behind Korey Homes Building Group, LLC would deny the Plaintiffs their rightful recovery, and cause a manifest injustice to be perpetrated upon the Plaintiffs.

WHEREFORE, Plaintiffs, Kenneth R. Suter, Sr. and Nicole Suter request this Honorable Court to enter judgment in their favor against the Defendants, Korey W. Smith and Stacy C.

Law Offices
PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

S:\Cases\Suter v. Korey Homes\Federal Complaint.doc

Smith in the amount of $523,222.00, and enter an Order the Defendants to pay interest to the Plaintiffs at the allowable legal rate, award the Plaintiffs their costs and reasonable attorneys' fees, and order such additional and further relief as this Court deems just and proper.

Dated: June 10, 2019

Respectfully submitted,

*/s/ William C. Parler, Jr.*
WILLIAM C. PARLER, JR., #05087
**PARLER & WOBBER, L.L.P.**
406 East Joppa Road
Towson, Maryland 21286
P: 410-832-1800
F: 410-832-2536
*Attorney for Plaintiffs Kenneth R. Suter, Sr. and Nicole Suter*